UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL PETERSON,
        Plaintiff,         Civil Action No.: 14-13000
                                  Honorable Thomas L. Ludington
v.                              Magistrate Judge Elizabeth A. Stafford

ROCKY BURRIS, *et al.*,

        Defendants.
_____/

## ORDER DENYING REHEARING FOR CLERK'S DENIAL OF REQUESTS FOR ENTRY OF DEFAULT [30]

On July 31, 2014, plaintiff Angel Peterson filed a complaint in this Court alleging violations of her constitutional rights under 42 U.S.C. §1983. [1]. Summons were issued for Defendants and provided to Peterson to serve. [9, 10, 11, 12]. Peterson filed certificates of service for the all defendants, showing that she served each by certified mail. [18, 19, 20]. Although some of the certificates appear to be incomplete, on December 4, 2014, all Defendants appeared and moved to dismiss Peterson's complaint. [22].

Thereafter, Peterson requested a Clerk's entry of default against Defendants, arguing that, based on the date of service, Defendants' responsive pleadings were filed three days after they were due. [25, 27 & 28]. The Clerk's office denied the request, noting that Defendants had filed

a dispositive motion. [26]. Peterson filed the instant motion for rehearing regarding the Clerk's office denial of her request for an entry of default. [30].

Federal Rule of Civil Procedure 55 governs entry of default and default judgment. Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Peterson argues that the Clerk should have entered default against Defendants when they did not answer within the timeframe specified by Rule 4 for filing of a responsive pleading. While a former version of Rule 55 held that default should be entered if the party in question failed to plead or otherwise defend "as provided by these rules," that language was eliminated in 2007, because "[c]ourts have rejected" the implication that "the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules." Fed. R. Civ. P. 55 advisory committee's note to 2007 amendments. Since Defendants filed a motion to dismiss, demonstrating their intent to defend this action, the Clerk did not err in refusing to enter a default against them. *See e.g. Goodrick v. Anderson*, No. cv-9-17, 2009 U.S. Dist. LEXIS 110368, at *4-5, 2009 WL 4548984 (D.

Idaho Nov. 27, 2009) (declining to enter default against defendant who filed responsive pleading four days late); *Buzayan v. City of Davis*, No. 06-1576, 2009 U.S. Dist. LEXIS 15217, at *12 n.7, 2009 WL 514201 (E.D. Cal. Feb. 26, 2009)

Even if default were appropriate due to Defendants' tardiness, the Court would deny any motion for default judgment on these facts. The Sixth Circuit has outlined seven factors to consider when deciding whether to enter a default judgment against a party: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 Fed. Appx. 196 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. Wash. 1986)). Here, Peterson has identified no prejudice from the three day delay in Defendants' responsive pleading; indeed she has continued to adequately litigate this case despite that delay. Furthermore, Defendants' motion to dismiss [22] is not frivolous; at the very least, there are disputed issues of material fact. Finally, there is a strong preference in this Court for decisions to be made on their merits, rather than resolved on a procedural technicality. *See United States v. $ 22,050.00 United States*

3

*Currency*, 595 F.3d 318, 324 (6th Cir. Tenn. 2010),  Therefore, even if the Court determined that Defendants' delay was not due to some excusable neglect, the remaining factors weigh heavily against entry of default judgment.  As a result, Peterson's motion for rehearing [30] is DENIED.

Dated: March 31, 2015　　　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan　　　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2015.

　　　　　　　　　　　　　　　　　　　　s/Marlena Williams
　　　　　　　　　　　　　　　　　　　　MARLENA WILLIAMS
　　　　　　　　　　　　　　　　　　　　Case Manager