UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGEL PETERSON,

Plaintiff, Case No. 14-cv-13000

v Honorable Thomas L. Ludington

ROCKY BURRIS, et al.,

Defendants.
_______________________________________/

**ORDER OVERRULING OBJECTIONS AND DENYING MOTION TO OBJECT**

On July 31, 2014, Plaintiff Angel Peterson, an inmate at the Huron Valley Complex in Ypsilanti, Michigan, filed a complaint against Defendants, alleging violations of her constitutional rights. Compl. ECF No. 1. After Peterson was granted permission to proceed *in forma pauperis*, the clerk issued summons to the Defendants. Peterson filed certificates of service for all Defendants that noted that they had been served on November 10, 2014. Twenty four days later, on December 4, 2014, all Defendants appeared and moved to dismiss Peterson's complaint.

On December 24, Peterson filed a request for clerk's entry of default against all Defendants because they had failed to timely file an answer or otherwise respond to her complaint. The clerk denied Peterson's request for entry of default because Defendants' motion to dismiss was (and still is) pending. Notice of Denial 1, ECF No. 26. Peterson filed a motion for rehearing on the clerk's denial, which the Magistrate Judge denied.

On April 20, 2015, Peterson filed two documents that the Court will construe as objections to the Magistrate Judge's decision denying her motion for rehearing. Because the

objections are without merit, however, they will be overruled. In addition, Peterson's request for entry of default was appropriately denied.

**I**.

After Peterson's request for clerk's entry of default was denied, she filed a motion for reconsideration of the denial with the Magistrate Judge. The Magistrate Judge concluded that the request for default was properly denied, and now Peterson objects to that conclusion.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

**II.**

Peterson raises three objections in her papers: (1) de novo review of the Magistrate Judge's decision; (2) "Plaintiff questions authority of Advisory Committee", and (3) "Plaintiff

requests court to review Magistrates authority to issue an order and not a Report and Recommendation."

Peterson first contends that, in denying her motion for rehearing of the denial of her request for default, the Magistrate Judge was required to issue a report and recommendation, rather than an order. But 28 U.S.C. § 636(b)(1)(A) explicitly permits a magistrate judge to issue orders—rather than reports—on nondispositive matters, such as a motion for rehearing: "[A] judge may designate a magistrate judge to hear *and determine any pretrial matter pending* before the court . . . ."[1] (emphasis added); *see also Goode v. Mercy Memorial Hosp*., 2014 WL 7369926, at *1 (E.D. Mich. Dec. 29, 2014) (when "the relief granted . . . is non-dispositive . . . the [magistrate judge] proceeds by Order under 28 U.S.C. § 636(b)(1)(A) rather than Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)"). Therefore, the magistrate judge had the authority to issue an order on Peterson's motion for rehearing, and Peterson's first objection will be overruled.

Peterson next seeks de novo review of the Magistrate Judge's decision denying her request for review of the clerk's denial of entry of default. The Magistrate Judge's decision that the clerk correctly denied the entry of default is a legal conclusion, and therefore this Court can only disturb the Magistrate Judge's decision if it was "contrary to law." 28 U.S.C. § 636(b)(1)(A). A legal conclusion is contrary to law if it "contradict[s] or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Lafountain v. Martin*, 2010 WL 748215, at *1 (W.D. Mich. Mar. 1, 2010).

[1] The only exceptions to the general rule are for motions for injunctive relief, judgment on the pleadings, motions for summary judgment, motions to dismiss, motions to quash an indictment, motions to suppress evidence, motions to dismiss or to permit a class action, or any involuntary dismissal of an action. Not one of the exceptions is applicable to the instant case.

Here, the Magistrate Judge concluded that Defendants had evidenced an intent to defend against Peterson's suit, as shown by their filing a motion to dismiss. Therefore, the Magistrate Judge denied the request for entry of judgment pursuant to Federal Rule of Civil Procedure 55.

Although not addressed by the Magistrate Judge, it is important to note that Defendants' motion to dismiss was timely. According to Federal Rule of Civil Procedure 12(a)(1)(A)(i), an answer to a complaint must be filed within 21 days of service. The time period begins to run on the date of mailing—here, Peterson's certificates of service indicate that she served Defendants by mail on November 10, 2014. Twenty-one days later would be December 1, 2014. Importantly, however, under Rule 6(d), if service by mail is used, an additional three days are added to the period as calculated under Rule 6(a). An additional three days would make the Defendants' answer due on December 4, 2014—and indeed, Defendants filed their motion to dismiss on December 4, 2014. Accordingly, Defendants timely responded to Peterson's complaint, and entry of default for failure to defend would have been inappropriate.[2]

But even assuming arguendo that Defendants' response was untimely, the Magistrate Judge properly concluded that Defendants evidenced an intent to defend and that entry of default was inappropriate. In determining whether default judgment should be entered against a party, a court is required to exercise "sound judicial discretion." *See, e.g., Gordon v. Benson*, 2015 WL 926252, at *4 (W.D. Mich. Mar. 4, 2015) (citing *Commodity Futures Trading Commission v. AUrifex Commodities Research Co.*, 2008 WL 474227, at *1 (W.D. Mich. Feb. 15, 2008)).

[2] Peterson's third objection contends that the Magistrate Judge should not have referred to the Advisory Committee notes in determining whether entry of default was appropriate. As explained above, the Defendants timely responded to Peterson's complaint under the Federal Rules of Civil Procedure, and this objection would have no effect on that determination. But even if the Court were to consider Peterson's argument that the Advisory Committee notes should not have been referenced, this objection would be overruled. True, Advisory Committee Notes are generally not binding legal authority. Many courts—including the Supreme Court—have, however, looked to the Notes as important sources of guidance when construing and applying the rules. *See, e.g.*, *Tome v. United States*, 513 U.S. 150, 167-68 (1995). Accordingly, the Magistrate Judge's reference to the Advisory Committee Notes was not inappropriate.

Moreover, this "element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right." *Hitachi Medical Systems America, Inc. v. Lubbock Open MRI, Inc.*, 2010 WL 1655536 at *1 (N.D. Ohio Apr. 22, 2010). A court must also keep in mind that "[t]rials on the merits are favored in the federal courts" and "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Rhinehart v. Scutt*, 2010 WL 3701788, at *8 (E.D. Mich. Aug. 16, 2010).

The Magistrate Judge declined to enter default judgment for several reasons: Peterson did not suffer prejudice from any delay; the Defendants' motion is not frivolous and highlights disputed issues of material fact; there is a strong preference for decision to be made on the merits, rather than resolved on procedural technicality; and Defendants evidenced an intent to defend by filing a motion to dismiss. These are sound reasons for declining to enter default judgment, and the Magistrate Judge's decision is not contrary to law.

**III.**

Accordingly, it is **ORDERED** that Plaintiff Angel Peterson's Objection (ECF No. 35) are **OVERRULED**.

It is further **ORDERED** that Plaintiff Angel Peterson's Motion to Object (ECF No. 36) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 11, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Angel Peterson #240544, Huron Valley Complex, 3201 Bemis Road, Ypsilanti, MI 48197 by first class U.S. mail on May 11, 2015.

s/Suzanne M. Gammon
SUZANNE M. GAMMON