UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL PETERSON,

                    Plaintiff,         Civil Action No.: 14-13000
                                         Honorable Thomas L. Ludington
v.                               Magistrate Judge Elizabeth A. Stafford

ROCKY BURRIS, *et al.*,

                    Defendants.
_____/

## ORDER DENYING MOTION TO APPOINT EXPERT [R. 46]

Plaintiff Angel Peterson filed a complaint in this Court alleging

violations of her constitutional rights under 42 U.S.C. §1983.  [R. 1].  The

District Court denied Defendants' motion to dismiss Peterson's Eighth

Amendment Claim, among others, finding that her claimed injury of high

blood pressure was sufficiently serious.  [R. 42, PgID 212].  Discovery

ensued and Peterson now moves the Court for appointment of a

cardiology, cardiovascular and/or cardiopathy expert witness, arguing that

she cannot prove her case without this expert testimony.  For the following

reasons, Peterson's motion [R. 46] is denied.

Federal Rule of Evidence 706 governs the appointment of experts.

Although appointment of an expert is within the Court's broad discretion,

(*Dodson v. Wilkinson*, 304 Fed. Appx. 434, 442 (6th Cir. 2008)), such

appointments are rare and are reserved to only those instances where expert testimony is necessary to aid the Court's fact-finding. *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997) ("Generally, if scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue, a court will utilize expert witnesses."). Importantly, Rule 706 is not meant to as a vehicle for the Court to assist the plaintiff in proving her case against the defendants. *Tangwell v. Robb*, 2003 WL 23142190, *3-*4 (E.D.Mich. Dec. 23, 2003) ("Indeed, the appointment of an expert witness for the plaintiff in this case under Rule 706 would be tantamount to the Court assisting the plaintiff in proving his case against the defendants."). In the same vein, 28 U.S.C. § 1915, which governs cases brought *in forma pauperis*, "does not provide for the appointment of an expert witness to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *Carter v. Mich. Dep't of Corr.*, No. 12-12621, 2013 U.S. Dist. LEXIS 133838, *20, 2013 WL 5291567 (E.D. Mich. Sept. 19, 2013).

Here, Peterson's argues that she needs a cardiovascular expert in order to prove that the alleged mistreatment she suffered caused her high blood pressure. However, before causation for her injury is even relevant, she would have to prove deliberate indifference. Peterson's claim of

deliberate indifference has not yet survived summary judgment and a

cardiovascular expert would not assist the Court in determining whether

she has submitted enough evidence to go forward on that issue.   *See*

*Berry v. City of Detroit*, 25 F.3d 1342, 1354 (6th Cir. 1994) ("'[D]eliberate

indifference' is a legal term . . . [and it] is the responsibility of the court, not

testifying witnesses, to define legal terms.").  Moreover, although Peterson

requests that the Court appoint an expert at her own expense, granting her

request would be "tantamount to the Court assisting the plaintiff in proving

his case against the defendants."   *Tangwell* at *4.  For these reasons,

Peterson's motion to appoint an expert **[R. 46]** is **DENIED**.


Dated: September 28, 2015             s/Elizabeth A. Stafford
Detroit, Michigan                     ELIZABETH A. STAFFORD
                                      United States Magistrate Judge



## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of

this order within which to file objections for consideration by the district

judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

4