UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGEL PETERSON,

        Plaintiff,                      Case No. 14-cv-13000

v                                           Honorable Thomas L. Ludington

ROCKY BURRIS, et al.,              Magistrate Judge Elizabeth A. Stafford

        Defendants.

_____/

## ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE STAFFORD'S ORDER DENYING MOTION TO APPOINT EXPERT

On July 31, 2014, Plaintiff Angel Peterson, a Michigan Department of Corrections ("MDOC") prisoner proceeding pro se filed a complaint under 42 U.S.C. § 1983 against Rocky Burris, Michigan State Industries, and Millicent Warren alleging numerous violations of state and federal law. Peterson's primary claim is that Defendants improperly terminated her employment in the prison dental lab. Peterson also alleges that Defendants' conduct caused her ongoing high blood pressure. *Idi.*

On September 21, 2015, Peterson filed a motion for the appointment of a "Cardiology, Cardiovascular and/or Cardiopathy Expert Witness" to prove that her high blood pressure was caused by Defendants' conduct. ECF No. 46. Magistrate Judge Elizabeth A. Stafford denied Peterson's motion on September 28, 2015. ECF No. 47. On October 19, 2015, Peterson filed objections to the Magistrate Judge's decision. Because Peterson's objections are without merit, they will be overruled.

**I**.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

**A.**

Peterson has not raised any specific objections. Instead, she generally argues that she should be appointed an expert witness under Rule 706 because her blood pressure may be a material fact at issue and she needs the expert to assist her with discovery regarding her possible high blood pressure. ECF No. 54. The Magistrate Judge's decision that Peterson should not be appointed an expert witness was primarily a conclusion governed by her application of the law, and therefore this Court can only disturb the Magistrate Judge's decision if it was "contrary to law." 28 U.S.C. § 636(b)(1)(A). A legal conclusion is contrary to law if it "contradict[s] or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Lafountain v. Martin*, 2010 WL 748215, at *1 (W.D. Mich. Mar. 1, 2010).

Here, the Magistrate Judge concluded that Peterson was not entitled to a Court-appointed expert witness. First, the Magistrate Judge concluded that Peterson had to prove that her alleged mistreatment was the result of deliberate indifference before the question of the causation of her high blood pressure would even become relevant. Second, the Magistrate Judge concluded that granting Peterson's request would amount to court-assistance to Peterson in proving her claims.

**B.**

The United States Supreme Court has held that, to prove a claim under the Eighth Amendment, a prisoner must show both that (1) the alleged deprivation is, objectively, sufficiently serious and (2) defendants subjectively acted out of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A plaintiff therefore has the burden to present sufficient evidence on both prongs in order to survive a motion for summary judgment. *DeFreeze v. Zuberi*, 39 Fed. App'x. 137 (6th Cir. 2002).

The decision to appoint an expert under Federal Rule of Evidence 706 rests solely in the Court's discretion, informed by such factors as the complexity of the matters to be determined and the fact-finder's need for a neutral, expert view. *See Tangwell v. Robb*, 2003 WL 23142190, *3-*4 (E.D.Mich. 2003). Such appointment is rare, and should only be exercised in exceptional cases. *Id.* As noted by the Magistrate Judge, Rule 706 is not meant to serve as a vehicle for the Court to assist a plaintiff in establishing her *prima facie* case against the defendants. *Id.* Instead, expert appointment under Rule 706 should be exercised to assist the Court, not to assist a litigant in proving his or her case. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (refusing to appoint an expert witness to help a litigant create a factual issue as to whether heroin withdrawal could cause an individual to become of unsound mind); *Daker v. Wetherington,* 2006 WL 648765 (N.D. Ga. 2006) ("Litigant assistance is not the purpose of Rule 706).

It is Plaintiff Peterson's obligation to come forward with evidence to support the allegations in her complaint.  It is therefore Peterson's burden to substantiate her claims that Defendants' conduct caused her high blood pressure. *Tangwell,* 2003 WL 23142190 (holding that a plaintiff's failure to secure an expert witness and his acknowledgement that he would not be able to secure an expert witness without Court assistance demonstrated that he could not prove his case).  The Magistrate Judge correctly concluded that Peterson's request for the appointment of an expert witness, in the absence of any evidence that Peterson's high blood pressure was caused by Defendants, was the equivalent of a request for Court-assistance to Peterson in proving her case against Defendants.  Because the Magistrate Judge's order is not contrary to law, Peterson's objections will be overruled.

**II.**

Accordingly, it is **ORDERED** that Plaintiff Angel Peterson's Objection (ECF No. 54) is **OVERRULED**.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: December 2, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Angel Peterson #240544, Huron Valley Complex, 3201 Bemis Road, Ypsilanti, MI 48197 by first class U.S. mail on December 2, 2015.

        s/Michael A. Sian
        Michael A. Sian, Case Manager