UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGEL PETERSON,

                Plaintiff,                Case No. 14-cv-13000

v                                                    Honorable Thomas L. Ludington

ROCKY BURRIS, et al.,                    Magistrate Judge Elizabeth A. Stafford

                Defendants.

_____/

## ORDER OVERRULING OBJECTIONS

On July 31, 2014, Plaintiff Angel Peterson, a Michigan Department of Corrections ("MDOC") prisoner proceeding pro se filed a complaint under 42 U.S.C. § 1983 against Rocky Burris, Michigan State Industries, and Millicent Warren alleging numerous violations of state and federal law. Peterson's primary claim is that Defendants improperly terminated her employment in the prison dental lab. Peterson also alleges that Defendants' conduct caused her ongoing high blood pressure. *Idi.*

On October 27, 2015 Peterson filed a motion to amend her complaint, seeking to add a claim of overfamiliarity. ECF No. 55. Peterson argued that the overfamiliarity claim would be cognizable under the Prison Rape Elimination Act, 42 U.S.C. § 15601 ("PREA"). Concluding that the proposed amendment would be futile, Magistrate Judge Elizabeth A. Stafford denied Peterson's motion on November 23, 2015. ECF No. 61. On December 24, 2015, Peterson filed objections to the Magistrate Judge's decision. Because Peterson's objections are without merit, they will be overruled.

**I**.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

**A.**

In her most recent objection, Peterson argues that she has a cognizable claim for overfamiliarity under the PREA. The Magistrate Judge's determination that Peterson's proposed amendment would be futile was a legal determination, and therefore this Court can only disturb the Magistrate Judge's decision if it was "contrary to law." 28 U.S.C. § 636(b)(1)(A). A legal conclusion is contrary to law if it "contradict[s] or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Lafountain v. Martin*, 2010 WL 748215, at *1 (W.D. Mich. Mar. 1, 2010).

Here, the Magistrate Judge concluded that Peterson's proposed amendment would be futile for three reasons: (1) because Peterson did not allege any cognizable injury resulting from

the over-familiarity; (2) because the mere violation of Michigan Department of Corrections ("MDOC") policy does not rise to the level of a constitutional violation; and (3) because the PREA does not provide prisoners with a private right of action.

**B.**

In her objections, Peterson argues that the magistrate judge erred in determining that § 1983 was not a proper vehicle to bring her claim of overfamiliarity and to compel the state of Michigan to adhere to the PREA. Section 1983 claims may only be brought for "depreviation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). As explained by the Sixth Circuit in *Laney v. Farley*, 501 F.3d 577 (6th Cir. 2007), § 1983 claims may not be based upon violations of state law or constitutions, nor may they be based on "violation of state procedure that does not violate federal law." *Id.* at n.2. Overfamiliarity is not a violation of federal law, but is instead only a violation of MDOC policy, which prohibits "[c]onduct between staff and a prisoner which has or is likely to result in intimacy or a close personal association, or conduct that is contrary to the good order of the facility." *See Everson v. Michigan Department of Corrections*, 391 F.3d 737 (6th Cir. 2004). Because the allegation of overfamiliarity under MDOC policy does not amount to a claim of a deprivation of rights secured by the constitution and laws of the United States, the magistrate judge did not err in her determination that Peterson's proposed claim of overfamiliarity cannot support a § 1983 claim.

The magistrate judge also did not err in her determination that the PREA does not provide prisoners with a private right of action. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*,

536 U.S. 273, 286 (2002). Numerous Courts that have addressed this issue have determined that the PREA provides no private right of action to individual prisoners. *See , e.g., Hill v. Hickman County Jail, 2015 WL 5009301 (M.D. Tenn. August 21, 2015); Montgomery v. Harper*, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014) ("[T]his Court concludes that the PREA creates no private right of action."); *Chapman v. Willis*, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action to enforce a PREA violation."); *Holloway v. Dep't of Corr.*, 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013) ("There is nothing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act."); *Faz v. N. Kern State Prison*, 2011 WL 4565918, at *5 (E.D. Cal. Sept. 29, 2011) ("[T]he PREA does not create a private right of action ...."); *Woodstock v. Golder,* 2011 WL 1060566, at *9 (D. Colo. Feb. 7, 2011) ("PREA provides no private right of action.") (citation omitted). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. ... The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008).

Furthermore, even if a private right of action existed, Peterson's proposed claim of over-familiarization would still be futile. The PREA was enacted to address sexual abuse of prisoners, especially with regard to prison rape. *See* 42 U.S.C. §§ 15602, 15609; *Crawford v. Cuomo,* 796 F.3d 252 (2d Cir. 2015). Absent allegations of sexual abuse, there can be no violation of the PREA. Peterson's allegations that she lost her job because "another inmate is cooler with the boss" fall far short of the kinds of sexual abuse the PREA was intended to prevent. Because the magistrate judge did not err in her order denying Peterson's motion to amend, Peterson's objections will be overruled.

- 5 -

## II.

Accordingly, it is **ORDERED** that Plaintiff Angel Peterson's Objection, ECF No. 63, are **OVERRULED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: January 6, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Angel Peterson #240544, Huron Valley Complex, 3201 Bemis Road, Ypsilanti, MI 48197 by first class U.S. mail on January 6, 2016.

s/Michael A. Sian
Michael A. Sian, Case Manager