UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGEL PETERSON,

           Plaintiff,                                  Case No. 14-cv-13000

v                                                   Honorable Thomas L. Ludington

ROCKY BURRIS, et al.,                    Magistrate Judge Elizabeth A. Stafford

           Defendants.

_____/

## ORDER OVERRULING OBJECTIONS

On July 31, 2014, Plaintiff Angel Peterson, a Michigan Department of Corrections ("MDOC") prisoner proceeding pro se filed a complaint under 42 U.S.C. § 1983 against Rocky Burris, Michigan State Industries, and Millicent Warren, alleging numerous violations of state and federal law arising out of the termination of her employment with the prison dental lab. On December 4, 2014 Defendants filed a motion to dismiss, arguing that Peterson had failed to state claims upon which relief could be granted. *See* ECF No. 22. That motion was granted in part and denied in part on June 17, 2015. *See* ECF No. 42. Her claims for deliberate indifference in violation of the Eighth Amendment and equal protection violations under the Fifth and Fourteenth Amendments survived that order, as did her state law claims.

On December 24, 2015, Peterson filed a motion to remedy Defendant Buriss's alleged incomplete deposition answers. *See* ECF No. 64. That same day, Peterson filed a motion for legal fees and expenses. *See* ECF No. 65. Finally, on February 3, 2016 – just under three weeks before the close of discovery – Peterson filed a motion for leave to depose non-party witnesses and hold depositions longer than seven hours. *See* ECF No. 68.

Pursuant to the amended scheduling order in this matter, discovery closed on February 21, 2016. On March 21, 2016, Magistrate Judge Elizabeth E. Stafford issued an order denying all three of Peterson's motions. *See* ECF No. 73. Peterson now brings timely objections, all of which are without merit and will be overruled.

**I**.

Perhaps recognizing that she cannot overcome the deferential standard of review afforded to magistrate judge orders on non-dispositive pre-trial matters, Plaintiff Peterson requests that this Court review the magistrate judge's order de novo. This request will be denied, and the standard of review established by the United States Magistrate Judges Act, Federal Rule of Civil Procedure 42(a), and circuit precedent will apply.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Objections to a magistrate judge's non-dispositive order must be both timely and specific. *See Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**A.**

Plaintiff Peterson has not raised any specific objections. Instead, she asserts general disagreement with the magistrate judge's conclusions and raises new claims not properly presented to the magistrate judge. Peterson's general objections are tantamount to a complete failure to object, and do not warrant further review. *See Slater*, 28 F. App'x at 512.

**B.**

In the alternative, the merits of Plaintiff Peterson's objections do not warrant relief. In her first objection, Peterson "begs to differ" with the magistrate judge's conclusion that Defendant Burris did not give evasive or incomplete answers during his deposition in stating that he did not recall if it was raining on August 27, 2012, and did not recall who worked in the set up department in 2012. As noted by the magistrate judge, there is nothing extraordinary about the fact that Burris could not remember events that took place over three years ago, and the

circumstantial evidence did not suggest Burris was being evasive within the meaning of Rule 37(a)(4). The magistrate judge's ruling on this issue is not clearly erroneous or contrary to law.

In her second objection, Peterson does not object to any portion of the magistrate judge's order. Instead, she argues for the first time that the incidents that took place on August 27, 2012 were likely recorded by jail surveillance cameras. She argues that the recordings could prove that it was raining inside the jail on August 27, 2012, and that the Defendants have acted wrongfully in burdening Peterson with the duty of proving the existence of evidence. Because this argument was not previously raised before the magistrate judge it is not a proper objection, and will be rejected. Furthermore, the magistrate judge's determination that Peterson had failed to properly allege spoliation is not clearly erroneous or contrary to law. As explained by the magistrate judge, "[s]poliation refers to the intentional destruction of evidence, not to the failure to create such evidence in violation of policy." ECF No. 73, 4.

In her third objection, Peterson argues that she did not know she could serve non-party witnesses. In her order, the magistrate judge found that Peterson had known that it was her responsibility to serve subpoenas on the proposed non-party deponents since October 6, 2015. The magistrate judge also noted that discovery had already been extended four months, and that Plaintiff had waited until less than three weeks before the extended deadline to attempt to depose the non-parties. Peterson points to no facts or case law suggesting that the magistrate judge's denial of her discovery motion is clearly erroneous or contrary to law. Her third objection will therefore be overruled.

In her fourth objection, Peterson requests reasonable expenses, including legal fees, incurred in filing her motions and objections. As explained by the magistrate judge, because all

- 5 -

of Peterson's motions have been denied, expenses are not warranted. *See* Fed. R. Civ. P. 37(a)(5)(A).

Finally, Peterson argues that the magistrate judge failed to address her claim that the MDOC was withholding medical records. Peterson is apparently referring her motion requesting release of subpoenaed information, which she filed on March 9, 2016. *See* ECF No. 71. This motion is still pending, and will be addressed in the first instance by the magistrate judge.

## II.

Accordingly, it is **ORDERED** that Plaintiff Angel Peterson's Objection, ECF No. 77, are **OVERRULED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 14, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Angel Peterson #240544, Huron Valley Complex, 3201 Bemis Road, Ypsilanti, MI 48197 by first class U.S. mail on April 14, 2016.

s/Michael A. Sian  
Michael A. Sian, Case Manager