UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGEL PETERSON,

          Plaintiff,                              Case No. 14-cv-13000

v                                                    Honorable Thomas L. Ludington

ROCKY BURRIS, et al.,                    Magistrate Judge Elizabeth A. Stafford

          Defendants.

_____/

### ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS, AND DIRECTING MAGISTRATE JUDGE TO ADDRESS PLAINTIFF'S REQUEST FOR DOCUMENTS

On July 31, 2014, Plaintiff Angel Peterson, a Michigan Department of Corrections ("MDOC") prisoner proceeding pro se filed a complaint under 42 U.S.C. § 1983 against Rocky Burris, Michigan State Industries, and Millicent Warren, alleging numerous violations of state and federal law arising out of the termination of her employment with the prison dental lab. On December 4, 2014 Defendants filed a motion to dismiss, arguing that Peterson had failed to state claims upon which relief could be granted. *See* ECF No. 22. That motion was granted in part and denied in part on June 17, 2015. *See* ECF No. 42. Her claims for deliberate indifference in violation of the Eighth Amendment and equal protection violations under the Fifth and Fourteenth Amendments survived that order, as did her state law claims.

Pursuant to the amended scheduling order in this matter, discovery closed on February 21, 2016. On March 9, 2016 Peterson filed a motion for the release of subpoenaed information and sanctions. *See* ECF No. 71. Then on March 23, 2016 Peterson filed a motion for sanctions based on Defendants' refusal to produce the current Warden, Anthony Stewart, for a deposition,

their refusal to produce an additional representative of Defendant Michigan State Industries, and the Michigan Department of Corrections' refusal to mail Peterson's payment to the court reporter for various depositions. *See* ECF No. 75. Magistrate Judge Elizabeth A. Stafford issued an order denying both of Peterson's motions on June 7, 2016. *See* ECF No. 83. Peterson then objected to the magistrate judge's order on June 29, 2016. *See* ECF No. 84. Peterson's objections will be overruled in part.

I.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Objections to a magistrate judge's non-dispositive order must be both timely and specific. *See Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937

(E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**A.**

Plaintiff Peterson first argues that the magistrate judge erred in denying her motion for the release of subpoenaed information and sanctions. The subpoena in question had directed McDonald Roofing to produce a 2013 Roofing survey of the Women's Huron Valley Correctional Facility "[m]inus any information that could be used for escape purposes." McDonald Roofing apparently responded to the subpoena with the survey, which also included various drawings of buildings on prison grounds. After an administrative hearing was held, MDOC determined that the drawings could be used for escape purposes and returned the documents to the roofing company. MDOC has represented that it does not object to the survey being sent back to Peterson if the drawings are redacted. Noting that Defendants had a "valid interest in maintaining prison security", the magistrate judge found that MDOC officials properly addressed and withheld the documents pursuant to an administrative hearing.

Peterson argues that the magistrate judge did not properly apply the law related to obstruction of mail, given her First Amendment right to communicate by mail. "A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives."

*Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Withholding the 2013 roofing survey and prison maps from Peterson was reasonably related to Defendant's security interests, and therefore not in violation of Peterson's First Amendment right to receive mail.

Peterson also argues that she was not informed that her mail would be withheld in a timely manner. Where a prison believes that mail that threatens prison security and should be withheld a prisoner is entitled to a fact-finding hearing conducted pursuant to Michigan Administrative Code Rule 791.3310. Under that rule, a prisoner must receive "sufficient written notice of the purpose of a fact-finding hearing sufficiently prior to the hearing to allow preparation of a response." *Id.* Peterson acknowledges that she was granted a hearing under Rule 791.3310 to address the withholding of her mail, but argues that MDOC officials did not address the receipt of the documents in a timely manner. The possibility that MDOC was delayed in addressing receipt of the documents does not entitle Peterson to the relief she seeks (release of the documents), since delay does not change the fact that Peterson has no First Amendment right to documents threatening the facility's legitimate security interests.

The magistrate judge's decision denying Peterson's motion for release of the subpoenaed information is not clearly erroneous or contrary to law. If Plaintiff Peterson believes that the redacted documents are essential to her case, she may request an extension of discovery in order to obtain those documents.

**B.**

Plaintiff Peterson also requests clarification as to the disposition of her request for the production of documents. Plaintiff's request was not brought as a separate motion, but is located in the second to last paragraph of her motion requesting sanctions for Defendant's failure to attend its deposition. *See* ECF No. 75 ¶ 22. Plaintiff is correct that the magistrate judge did not

address this issue. Peterson's second objection will therefore be sustained, and the magistrate judge will be directed to address Peterson's request for the production of documents in the first instance.

### C.

Plaintiff's third objection relates to MDOC's alleged mishandling of her payment to the court reporter for various depositions. Peterson argues that the magistrate judge erred in failing to apply the *Turner* standard to that claim. *See Turner v. Safley*, 482 U.S. 78 (1987). She also notes that she was harmed by receiving a "most wretched letter" from the court reporter.

Plaintiff Peterson has not shown that the fee dispute led to any harm affecting the pendency of this case relating to the termination of her employment with the prison dental lab. The deposition payment issue appears to be a separate dispute Peterson has with MDOC regarding the processing of legal mail. The magistrate judge's decision denying Peterson's motion is not clearly erroneous or contrary to law.

### II.

Accordingly, it is **ORDERED** that Plaintiff Angel Peterson's Objection, ECF No. 77, are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that the magistrate judge is **DIRECTED** to address Peterson's request for documents, ECF No. 75 ¶ 22.

                                                    s/Thomas L. Ludington  
                                                    THOMAS L. LUDINGTON  
                                                    United States District Judge

Dated: July 26, 2016

- 6 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Angel Peterson #240544, Huron Valley Complex, 3201 Bemis Road, Ypsilanti, MI 48197 by first class U.S. mail on July 26, 2016.

s/Michael A. Sian
Michael A. Sian, Case Manager