UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL PETERSON,

        Plaintiff,        Civil Action No. 14-13000
                                       Honorable Thomas L. Ludington
v.                                      Magistrate Judge Elizabeth A. Stafford

ROCKY BURRIS, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, AND TO DENY
PETERSON'S MOTION TO AMEND HER COMPLAINT
[ECF No. 72; ECF No. 79]**

**I.    INTRODUCTION**

Plaintiff Angel Peterson, a prisoner proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 and state law arising out of her incarceration at the Women's Huron Valley Correctional Facility (WHV).[1] [ECF No. 1]. The Honorable Thomas L. Ludington dismissed several of Peterson's claims, leaving remaining her claims of deliberate indifference, violation of equal protection, libel, and slander. [ECF No. 42]. Defendants, Rocky Burris, Millicent Warren, and Michigan State Industries ("MSI"),

---

[1] The Honorable Thomas L. Ludington referred this matter for report and recommendation on dispositive matters. [ECF No. 31].

move for summary judgment of Peterson's remaining claims pursuant to Federal Rules of Civil Procedure 56(a). [ECF No. 72]. Peterson's response includes a request for leave to amend her complaint. [ECF No. 79]. For the reasons stated below, the Court **RECOMMENDS** that defendants' motion be **GRANTED,** that Peterson's motion for leave to amend her complaint be **DENIED**.

II. ANALYSIS

A.

Rule 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a

genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). The opposing party "may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id.* (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)).

In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

**B.**

A deliberate indifference claim under the Eight Amendment has an objective and a subjective component. *Comstock v. McCrary*, 273 F.3d

3

693, 702 (6th Cir. 2001). In their motion for summary judgment, defendants argue that Peterson cannot satisfy the objective component, which requires a plaintiff to allege that the medical need at issue is "'sufficiently serious.'" *Id.* at 702-03 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Court agrees.

Peterson alleges that the defendants were deliberately indifferent by failing to address threats she received from other inmates and the health hazard presented by a leaking ceiling, and that she suffered psychological stress and high blood pressure as a result. [ECF No. 1, PageID 10-11, 21; ECF No. 42, PageID 211-12]. Objecting to a previous report and recommendation, she elaborated that she had never "tested positive for high blood pressure," and had in fact "always tested normal or low when tested for high blood pressure." [ECF No. 41, PageID 197]. She contended that her "now ongoing suffering from high blood pressure was a direct result of this mistreatment."[2] [*Id.*].

But defendants present evidence that Peterson's blood pressure has been above normal to high from July 2010 to May 2013, without any

---

[2] Peterson relies only on the alleged leaking ceiling to support her deliberate indifference claim in response to the motion for summary judgment, so it appears that she no longer relying upon the alleged threats from other inmates. [ECF No. 79, PageID 590-94].

4

correlative increase during or after the events that Peterson alleged took place in 2012. [ECF No. 72, PageID 433-34 (with chart); ECF No. 72-6]. Peterson does not dispute the veracity of defendants' representations of her blood pressure readings during the relevant period. Instead, referring to 42 U.S.C. § 1997e(e), Peterson responds that her "possible harm" constitutes an actual physical injury. [ECF No. 79, PageID 590-91]. She further objects to defendants releasing her blood pressure readings without her permission. [*Id.,* PageID 593]. Her arguments are without merit.

Peterson placed her blood pressure during the relevant period at issue, and she has thus waived her right to protect relevant medical records from disclosure. *Romano v. SLS Residential Inc.*, 298 F.R.D. 103, 112 (S.D.N.Y. 2014). Even if she had not waived her right to protect the relevant medical records, once defendants raised the lack of evidence that Peterson could satisfy the objective component of deliberate indifference in their motion for summary judgment, she was required to make an affirmative showing with proper evidence that she could satisfy that component. *Alexander*, 576 F.3d at 558. Her claim that she suffered possible harm as a result of defendants' alleged deliberate indifference is not enough.

Further, although Judge Ludington found that Peterson's allegation of

5

increased blood pressure was sufficient to allege a physical injury under § 1997e(e) at the pleading stage, [ECF No. 42, PageID 212], her failure to adduce evidence at this juncture is an independent basis to dismiss her complaint. Under Section 1997e(e), a prisoner cannot sustain a federal civil action "without a prior showing of physical injury or the commission of a sexual act." [ECF No. 72-6, PageID 471, 472]. In *Calhoun v. Hargrove*, No. 7-99-CV-219-AH, 2003 WL 292140, at *2 (N.D. Tex. Feb. 7, 2003), *aff'd*, 71 F. App'x 371 (5th Cir. 2003), the evidence showed that adverse effects from high blood pressure are not inevitable, so a period of elevated blood pressure was insufficient to satisfy the Section 1997e(e) physical injury requirement.

Here, Peterson has failed to present any evidence that she suffered an increased blood pressure as a result of defendants' alleged deliberate indifference, much less that she suffered any adverse health effects from an increased blood pressure. She has thus failed to demonstrated a physical injury as required by Section 1997e(e). For that reason, and because she has not satisfied the objective component of deliberate indifference, summary judgment of her Eighth Amendment claim should be granted.

6

## C.

For her equal protection claim, Peterson alleges that in January 2012, she was demoted from a lead position in the MSI dental lab to a lower ranking position with lower pay. [ECF No. 1, PageID 3]. After "numerous inquiries," defendant Burris informed Peterson that she had been "moved for 'not getting along with anyone.'" [*Id*.]. Another inmate allegedly told Peterson that she had requested that Peterson and "Inmate Jones" be moved, resulting in the demotion and reassignment of both Peterson and Jones. Peterson alleges that a similarly situated individual, "Inmate Lemon[s]," was demoted and moved to the same department in the same fashion, but kept her lead pay. [*Id.*, PageID 5, 14-15].

To establish a *prima facie* equal protection claim, Peterson must show that she (1) was a member of a protected class; (2) was subject to an adverse employment action; (3) was qualified for the job; and (4) was treated differently from similarly situated nonminority employees for the same or similar conduct. *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000). Whether other employees are similarly situated requires a case by case analysis; while the Court must consider all relevant traits between employees to be compared, it may ignore distinctions that are not meaningful to the analysis. *Jackson v. Fedex Corp. Servs.*, 518 F.3d 388,

393–94 (6th Cir.2008). In an objection to an earlier report and recommendation, Peterson clarified that she and inmate Jones are African-American, and that inmate Lemons is white. [ECF No. 41, PageID 200]. Peterson stated that she was qualified to perform the job, and that while she and Jones were demoted without pay, Lemons kept her pay and position. [*Id.*]

In a sworn affidavit, defendant Burris states that Peterson is mistaken on several fronts. [ECF No. 72-4]. He states that he has never made an employment decision based on race, noting that three of the four line leaders in the department during the relevant time period were African-American. [*Id.*, PageID 456]. He states that the other African-American inmate Peterson referenced, Janae Jones, was not demoted but was instead transferred pursuant to her own request to a more desirable position. [*Id.*, PageID 455-56]. According to Burris, Peterson lost her line leader position and pay because she could not perform the assigned task in the processing department. [*Id.*, PageID 458].

Burris states that inmate Lemons, who has been on the dental lab assignment for 17 years, "is the most senior lab tech in the lab," and acts as a "floater" who can fill in with any department due to being "highly skilled in all aspects of the lab." [ECF No. 72-4, PageID 458]. She draws lead

8

pay because she is the only person in the lab except Burris who can design and process cast metal frames. [*Id.*]. Burris states that Lemon has never been demoted. [*Id.*].

In her response, Peterson maintains that Jones was demoted and lost her pay while Lemons kept her pay, and argues that Burris's affidavit "offers his word" but "no proof." [ECF No. 79, PageID 595]. She is wrong; statements made by affidavit are sufficient to support an assertion of fact in support of a Rule 56 motion. Rule 56(c)(1). Peterson may not rely on the hope that the trier of fact will disbelieve Burris, and was required to make an affirmative showing in order to defeat defendants' motion for summary judgment. *Alexander*, 576 F.3d at 558.

Furthermore, Peterson neglects to even address defendants' claim Lemons was never demoted, and she appears to have abandoned this claim.[3] Despite Burris's description of Lemons' unique qualifications and tenure in the dental lab, and despite Burris's representation that Lemons held a different position than Peterson, Peterson puts forth no evidence

---

[3] *Compare* Peterson's complaint ("Inmate Lemon was demoted and moved in the same fashion and to the same department but kept her lead pay,") *with* Peterson's objections to the earlier report and recommendation ("Jones an African American female like myself were demoted without pay. While Ms. Lemons kept her pay and position." [ECF No. 1, PageID 5; ECF No. 41, PageID 200].

that she was similarly situated with Lemons in relevant respects. Instead, Peterson alleges that she "felt like" her demotion was racist because of various alleged acts that she says amounted to a hostile work environment. [ECF No. 79, PageID 595-96]. But Peterson's equal protection claim specifically referred to her allegation that she was treated differently than Lemons; defendants were not given fair notice of a hostile work environment claim. *See In re Commonwealth Institutional Sec., Inc.*, 394 F.3d 401, 405 (6th Cir. 2005) ("Even under our liberal pleading standards, a plaintiff must at least give the defendant fair notice of what the claim is and the grounds upon which it rests, by providing either direct or inferential allegations respecting all the material elements to sustain a recovery." (citations and internal quotation marks and brackets omitted).

Since Peterson has not adduced evidence that she was treated differently from any similarly situated nonminority employees for the same or similar conduct, her equal protection claim cannot succeed.

## D.

Peterson's state law claims must also be dismissed because they were filed after the applicable statute of limitations. In Michigan, the statute of limitations for libel and slander is one year. Mich. Comp. Laws § 600.5805(9). "A defamation claim accrues when 'the wrong upon which the

10

claim is based was done regardless of the time when damage results.'" *Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420, 422 (2005) (quoting Mich. Comp. Laws § 600.5827). As Burris's allegedly libelous and slanderous statements occurred in March and August 2012, and Peterson's complaint was filed on July 31, 2014, the claims are well outside of the one-year limitation.

Peterson does not dispute that her claims were outside the period of limitation, but requests equitable tolling of the limitation so that her claims may be decided on the merits. But under Michigan law, a statutory limitation period may not be cast aside in the name of equity. *Trentadue v. Buckler Lawn Sprinkler,* 479 Mich. 378, 407(2007). *Trentadue* essentially eliminated the application of equitable tolling. *Chandler v. Wackenhut Corp.*, 465 F. App'x 425, 431 (6th Cir. 2012) (after *Trentadue,* "courts have applied the doctrine in the statute-of-limitations context only to cases involving a defendant who led the plaintiff to believe that the limitations period would not be enforced."); *McClure v. City of Detroit*, No. 11-CV-12035-DT, 2015 WL 224744, at *4 (E.D. Mich. Jan. 15, 2015) ("It appears that Michigan no longer recognizes a common law equitable tolling doctrine; rather, a plaintiff's right to equitable tolling must be based on a statutory right to tolling.").

Even if equitable tolling were available, Peterson has not set forth a basis for applying it here. She refers to case law indicating that a prisoner may not amend her complaint to add claims that were not exhausted before the filing of the initial complaint, but she does not explain how that law applies to her equitable tolling argument. So if equitable tolling is at all unavailable under Michigan law, Peterson has not demonstrated that it should be applied to this case, and summary judgment should be granted in favor of the defendants on her state law claims.

### E.

Defendants argue that they are entitled to qualified immunity, but Peterson responds that she sued Warren and MSI only in their official capacity. Resolving the capacity in which Peterson sued defendants is unnecessary for the purpose of determining that the motion for summary judgment should be granted. To the extent that defendants are sued in their individual capacities, qualified immunity shields them from liability for civil damages because their conduct did not violate a clearly established statutory or constitutional right for the reasons stated above. *Scicluna v. Wells*, 345 F.3d 441, 445 (6th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To the extent that Peterson requests monetary damages against defendants in their official capacities, such claims are

12

barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). A state official may be sued for injunctive relief in his or her official capacity. *Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir. 1992). But Peterson's claims for injunctive relief are without merit for the reasons stated above.

## F.

As part of her response to defendants' motion for summary judgment, Peterson requests leave to amend her complaint to include a claim under 5 U.S.C. § 552a(d)(2). [ECF No. 79, PageID 598]. The Court should deny leave "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In this case, Peterson's amendment would be futile because Section 552a governs federal agencies. 5 U.S.C. § 551(1). Defendants are not federal agencies, and her request for leave to amend her complain should therefore be denied.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendants' motion for summary judgment **[ECF No. 72]** be **GRANTED**, that Peterson's request for leave to amend her complaint **[ECF No. 79]** be **DENIED**, and that this matter be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 4, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, the non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be concise and proportionate in length and complexity to the objections, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 4, 2017.

                                                  s/Marlena Williams
                                                  MARLENA WILLIAMS
                                                  Case Manager